1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

# FILED

**********************************************************

SOHRAB N. NABAVI
4374 Lady Trisha Court
Pomfret, MD. 20675

*Plaintiff Cross-Defendant,*

*v.*

LILLARD & LILLARD, P.C.
District of Columbia Corp.
By John F. Lillard, III

1776 K STREET, N.W. SUITE 200
WASHINGTON, D.C.   20006

*Defendant Cross-Plaintiff.*

*v.*

SOHRAB N. NABAVI
4374 Lady Trisha Court
Pomfret, MD. 20675

*Cross-Defendant,*

*and*

JOHN DOE, Iranian financier
Address unknown

*Cross-Defendant,*

MAY 2 7 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Case: 1:16-cv-01007
Assigned To : Contreras, Rudolph
Assign. Date : 5/27/2016
Description: General Civil

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## NOTICE OF REMOVAL, CROSS COMPLAINT, and JURY PRAYER

## TO THE CLERK OF THIS COURT, PLAINTIFF-CROSS-DEFENDANT, AND, IN THE ABSENCE OF ATTORNEYS OF RECORD, TO CROSS-DEFENDANT'S AFFILIATED COUNSEL

PLEASE TAKE NOTICE that Defendant LILLARD & LILLARD, P.C., District of

Columbia Corporation, by John F. Lillard, III, *pro se*, hereby removes to this Court the state

court action described below:

1.      It is with certain assurance that this action is a civil action of which this Court



has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this

Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a), in that it arises under

Federal collection law, Federal Civil RICO, and District of Columbia consumer law; in

particular, the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et

seq., extortion as predicate for Civil RICO, the Federal Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961–1968, penalties for usury, 12 U.S.C. § 86, with

penalties with teeth, including treble damages as well as punitive damages pursuant to this

jurisdiction's consumer law, plus attorney's fees. D.C.'s Unlawful Trade Practices Act,

District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901

*et seq.*, 28-3904(r), 28-3905(k)(1)( C).


## POSTURE OF THE STATE ACTION

2.       On April 6, 2016 an action was commenced in the District Court of the State of

Maryland for Charles County entitled *Sohrab Navabi dba Maryland Settlement Loans v.*

*John Lillard,* as case number 040200009872016, attached hereto as Exhibit "A" and

incorporated herein by reference.

3       The first date upon which defendant received a copy of the said complaint was May

4, 2016, for which a copy of the summons is attached hereto as Exhibit "B" and

incorporated herein by reference. This Notice of Removal is timely filed in accordance with

28 U.S.C. §1446(b).

4        Although your honor customarily sees removals from D.C. Superior Court,

there is support for removal from another state court, _e.g._ Maryland, where there are

compelling reasons to do so, as here.  It is with profound respect that you are sincerely

and plaintively requested to keep the case here.  But, alternatively, should you be

unwilling to keep the case here, kindly refrain from remand [forfeiting your pro se

plaintiff's $400 filing fee], but, hoping it remains here, if not, rather transfer the case

to Maryland federal court in Greenbelt, Maryland, hoping the Maryland court can

exercise its prerogative to apply D.C. consumer law, a law with teeth, which would be

best applied here.

## STATEMENT OF THE CASE

5        Your respectful removing defendant, _pro se_, D.C. incorporated law practice,

was just sued by his 3-years-ago-former client's loanshark. Disbursing his former

client's personal injury settlement proceeds, her advance funding loan of {according

to his client} approximately $750 at the _usurious rate of 318%,_ your respectful

removing defendant, _pro se_, D.C. incorporated law practice interpleaded as required

by RPC 1.15 {demanded by his former client} the gouged demand of $2385.03,

deposited by interpleader in the registry of his former client's local court 3 years ago

July 12, 2013, where it remains today in the registry 3 years later.  Disputed client

funds, claimed by client's creditor but which client disputes, are required by our ethics

rule 1.15 to be interpleaded. An oft-previously-approved, accurate, and well-

documented interpleader filing was duly made, and your respectful Defendant,

LILLARD & LILLARD, P.C. District of Columbia Corp By John F. Lillard, III, _pro se_,

as stakeholder, was discharged of any further responsibility after tendering the

disputed funds to the court registry. The trial judge erred when he refused to try the case and attempted to return interpled funds, never cashed thus held in the registry, as required by ethics opinion attachments to the original interpleader filing.

6.     Notwithstanding, because plaintiff's alter ego's lawyer Gross failed to do so., your respectful removing defendant, *pro se*, D.C. incorporated law practice, unpaid and *ultra vires*, went so far as to file reconsideration and mandamus, and even petitioned the Administrative Office of the District Courts at its Annapolis Headquarters.  For 3 years, Cross-Defendant had only to retain counsel to mandamus the Circuit judge to order the lower court judge to try the interpleader dispute between his former client and plaintiff, who, by court order, would divide the interpled funds equitably.  In the final analysis, your respectful removing defendant, *pro se*, D.C. incorporated law practice concluded his representation by disbursing the disputed portion of former client's settlement proceeds into the court's registry under RPC 1.15 and closed his file, having withdrawn from the former client's dispute by interpleader, but her creditor fraudulently doggedly demands that your respectful removing defendant, *pro se*, D.C. incorporated law practice somehow ultra vires, interject himself, a stranger to the action, so as to reverse the interpleader, resurrect the interpled funds, and unethically pay over his former client's disputed funds to his former client's creditor, while she refuses to pursue mandamus to get a trial on the funds still in the court's registry.

7.     Cross-defendant alter ego MSL colleague recklessly filed not once but twice, attorney grievances in Maryland against your respectful removing defendant, *pro se*, D.C. incorporated principal John F. Lillard, III, each one ultimately rejected,

because your *pro se* District of Columbia incorporated lawyer properly and ethically

interpleaded his former client's disputed funds in Maryland court's registry, where the

loan shark could and still can petition to receive payment as agreed. Cross-claimant is

prepared to submit all interpleader, mandamus, reconsideration, petition, attorney

grievance, correspondence about this matter, and relevant documentation at the jury

trial herein, for which Cross-claimant demands strict proof from Cross-defendant.

### CROSS-COMPLAINT FOR DAMAGES, INJUNCTIVE & DELARATORY RELIEF AND AN ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), D.C.'S UNLAWFUL TRADE PRACTICES ACT, DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT ("CPPA"), D.C. CODE § 28-3901 *ET SEQ.*, 28-3904(R), 28-3905(K)(1)( C), CIVIL RICO, THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. §§ 1961–1968

8.        Only discharged former stakeholder, your respectful removing

defendant, *pro se*, D.C. incorporated law practice has been plagued by plaintiff's

extortion, fraudulent dunning, premeditated harassment, usury, unconscionable

conduct, all conspiring with her affiliates to engage in her organized criminal

enterprise.

### CROSS-CLAIMANT'S DAMAGES FAR EXCEED $75,000 JURISDICTIONAL AMOUNT IN CONTROVERSY

9.        By way of cross-claim against plaintiff and her unknown co-conspirators [on

information and belief, Iranian loansharks and extortionists], tragically your respectful

removing defendant, *pro se*, D.C. incorporated law practice received not one, but two,

sham attorney grievances, filed by plaintiff's co-conspirator, from Maryland Bar

Counsel, both dismissed, where your  respectful removing defendant, *pro se*, D.C.

incorporated law practice was obliged to retain the esteemed Andrew Graham, not

only to defend the grievances but who was dragooned into assisting plaintiff regarding

the interpled funds, despite her having her own ineffective counsel. The damages to your respectful removing defendant, *pro se*, D.C. incorporated law practice, dragged for 3 years through grievances, unpaid billable time to assist plaintiff [potential conflict of interest, regarding his former client], to his reputation, to his emotional well-being, and his ongoing practice, far exceed the jurisdictional amount of $75,000, not to mention his unpaid billable attorney's fees to respond to plaintiff, perhaps 50-150 hours at a rate set by your honor.

### REMOVAL FROM MARYLAND IS PROPER CONSIDERING DEFENDANT'S RELIANCE ON HIS D.C. INCORPORATION AND LOCAL D.C. LAW, AS WELL ARISING UNDER FEDERAL QUESTION JURISDICTION

10.      Notwithstanding this Court's authority to remove a Maryland creditor abuse claim, and the Federal questions established, as the Court removes a Maryland case, the Court is respectfully also invited to consider the collection abuse and harassment law of plaintiff's chosen court, Maryland Consumer Debt Collection Act (MCDCA), Md. Ann. Code, Commercial Law Article, § 14-201 et seq., Criminal Harassment, Md. Criminal Code § 3-803.

11.      It is axiomatic that a debt collector may not dun, bother, harass, nor even contact a non-debtor, may have no contact with any other than a debtor, whether a debtor's family, employer, neighbor, pastor, or any other debtor's affiliate such as her former lawyer [***except collection defense lawyer who contacts debt collector***], and that such contact is unlawful and severely actionable.  Contact, repeated nasty contact with your respectful removing defendant, *pro se*, D.C. incorporated law practice violates the very essence of debt collection practices. Moreover, having been

previously duly warned to cease and desist all contact, violation of this directive may carry Maryland criminal sanctions for harassment and D.C. consumer punitive and treble damages for enforcement of unconscionable provisions [CPPA, *supra*; Maryland Criminal Harassment law, *supra*] plus attorney's fees, PLUS civil penalties provided by Civil RICO, the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968.

12.      Cross-Complainant Lillard & Lillard, PC, incorporated in the District of Columbia in 1978, was at all times a professional corporation which maintains a law practice within the jurisdiction of this Court, and is a consumer within the meaning of the Consumer Legal Remedies Act. Plaintiff/Cross Defendant does not have a contract with your respectful removing defendant, *pro se*, D.C. incorporated law practice Defendant/Cross-Complainant, and that collection dunning of the fraudulent alleged debt is a fraud on the consumer and/or fraud on the court, to which your respectful removing defendant, *pro se*, D.C. incorporated law practice Defendant/Cross-Complainant has always objected.  Cross-Defendant's alter ego MSL FINANCIAL is at all times stated herein, qualified to do business in the District of Columbia, advertises as a national company, and regularly uses the United States mail in the regular collection of debts owed to another and attempts to collect debts and is a debt collector as defined by the Federal Debt Collection Practices (FDCPA). Venue for the within action is properly within the jurisdiction of this Court upon the ground, inter alia, that one or more of the parties conduct substantial business within this Judicial District. That Plaintiff/Cross-Defendant arbitrarily selected your respectful removing defendant, *pro se*, D.C. incorporated law practice

Defendant/Cross-Complainant to be responsible for this alleged debt despite having no scintilla of any colorable legal right to do so.

### ALL PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

13.     Your respectful removing defendant, *pro se*, D.C. incorporated law practice has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court or served on plaintiff, her co-conspirator entity through its counsel, are attached as Exhibit "A" and "B." Pursuant to 28 U.S.C. §§ 1446(d), your respectful removing defendant, *pro se*, D.C. incorporated law practice has served written notice of this notice of removal, with a copy of this notice of removal attached thereto, to plaintiff, plaintiff's attorneys. Furthermore, a notice of filing of removal, with a copy of this notice of removal attached thereto, will be filed simultaneously with the clerk of the District Court of the State of Maryland for Charles County, Case No. 040200009872016. Copies of the notice and the certificate of service of the notice to Plaintiff's attorneys is attached as Exhibit "C." (Your respectful removing defendant, *pro se*, D.C. incorporated law practice will provide any other State Court filings on request.)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMOVAL FROM MARYLAND STATE COURT

14.     The Court is invited to rely upon the following Memorandum of Points and Authorities in support of the proper and appropriate removal from Maryland state court.

### EACH BASIS OF THE INSTANT CROSSCLAIM IS SUPPORTED BY THIS COURT'S CONSISTENT RULINGS

15.       Not dissimilar Maryland-District Civil RICO extortion, this Court took

jurisdiction across state lines in *Yellow Bus Lines, Inc, v. Drivers, Chauffeurs &*

*Helpers Local Union 639*, 913 F.2d 948 (D.C. Cir. 1990), and likewise your honors'

seminal Civil RICO case, *ASPCA v. Feld,* 677 F. Supp. 2d 55, 67 (D.D.C..

2009) related to extra-jurisdictional extortion.  Moreover, your honors have

dealt with Iranian conspiracy to defraud, extort, and engage in

unconscionable conduct *Lopez v. CAIR*, 741 F.Supp.2d. 222 (D.D.C., 2010).  Nor

is the Court ignorant of Iranian grudge-match overreaching, as is painfully apparent

here. *Hourani v. Mirtchev,* 943 F. Supp. 2d 159  (D.D.C. 2013);

*Hourani v. Mirtchev,* 796 F. 3d 1 (D.C. Cir. 2015).


16.       As nexus here by both diversity and federal question, your *pro se* diverse-

citizen District of Columbia incorporated lawyer invokes our local law [District of

Columbia Unlawful Trade Practices Act D.C. Code § 28-3905(g)(5)] punitive/treble

damages consumer statute} as well as federal law "arising under" federal claim

pursuant to the Federal Fair Debt Collection Practices Act, and civil RICO where the

predicate is extortion.  Your *pro se* District of Columbia incorporated lawyer not only

practices law under a Washington D.C. charter, but cannot in Maryland federal court

easily invoke our D.C. local consumer law to seek punitive damages here in

Washington by filing across the border in Maryland federal courts.

17.       Drawing an analogy from your own guidelines of complex "related" case

management, your honor can certainly receive state court removal from a different

state's of related complex cases, as shown in *Resource Guide for Managing Complex*

*Litigation*, The National Judicial College at 17 *http://www.judges.org/wp-content/uploads/Resource-Guide-for-Managing-Complex-Litigation.pdf* but the rationale of such acceptance of different state cases would apply here: "whether the court has personal jurisdiction over all parties, as well as venue over all causes of action; . . . whether jurisdiction should be yielded to a particular court under the inconvenient forum doctrine or applicable rule/statute; and θ When filing all cases in a single court is not possible or warranted. . ."

18.        Removal from different states has been granted in certain instances, where for example the party has been sued in different states, but needs resolution of the same issues by one court. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) "sued the same paint manufacturer and trade association defendants * in a different state court. Defendants, including Sherwin-Williams, removed that case to the United States District Court for the Northern District of Mississippi."

19.        *Doe v. American Red Cross*, 14 F.3d 196, 203 (3d Cir. 1993). "The Red Cross removed the actions to the District Court for the Eastern District of Pennsylvania. The Red Cross says that it seeks removal of these cases in order to obtain uniformity in procedures and results because, according to the organization, it finds it increasingly difficult to defend itself in so many fora and under so many different state laws. In removing these actions to federal court, the Red Cross constantly has maintained that its Congressional charter conferred on the federal courts original jurisdiction."

20.        *Ginsburg v. Comcast Corporation* 2:11-cv-01959 W.D.Wash; superior

court case #11-2-34714-1http://bankrupt.com/CAR_Public/130507.mbx "These cases

were brought under different state and federal laws, covering different periods of time

and involving other Comcast regions," Hollingsworth wrote. He could not be reached

for comment.  Jones agreed with Comcast, noting that two of the cases, one each in

Maryland and North Dakota, involved federal claims brought under the Fair Labor

Standards Act, for which there is a lower bar to certifying what is known as a

"collective action," which is similar to a class action.  While the allegations in the

other cases were analogous, "the evidence underlying them differs from the evidence

before the court, as does the legal framework," Jones wrote.  The lawsuit was

originally filed in state court, but Comcast removed it to federal court after citing the

Class Action Fairness Act, a 2005 law that allows companies to move class actions

into federal courts under certain conditions.

JOINDER OF UNKNOWN IRANIAN CO-CONSPIRATOR FINANCIER

21.        In concert with her alter ego MSL, and unknown financiers believed to be

tied to Iranian underworld, here, cross-defendant Iranian loan shark, no doubt doing

business also in Washington, D.C. [having lent money to his former client; ergo

because his former client, not he, was borrower, and thus your respectful removing

defendant, *pro se*, D.C. incorporated law practice lacks standing to challenge merits

the loanshark usury] sued your respectful removing defendant, *pro se*, D.C.

incorporated law practice, after 3 years outrageous premeditated dunning conduct.

22.        In candor with the Court, only the clout and wisdom of this bench might

guide discovery to smoke out the deep-pocket enterprise of unknown loanshark

financiers so as to marshal collectability of your jury's anticipated punitive damages award.

## CONCLUSION

23.          By this notice, your respectful removing defendant, *pro se*, D.C. incorporated law practice does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Your respectful removing defendant, *pro se*, D.C. incorporated law practice intends no "Cadmission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.

WHEREFORE, cross-complainant your respectful removing defendant, *pro se*, D.C. incorporated law practice humbly prays

a.  that this action be removed to this Court for determination;

b.  that all further proceedings in the state court suit be stayed; and

c.  that your respectful removing defendant, *pro se*, D.C. incorporated law practice prays for a verdict and judgment damages, compensatory trebled, punitive, with attorneys' fees, for cross-defendants' unlawful practices, awarded by this court damages for

i.  premeditated and repeated extortion and harassment having been ordered to cease and desist,

ii.  unlawful debt collection of usurious sums,

iii.  fraud,

iv.  conspiracy to extort by Iranian loanshark enterprise, and

v.  unconscionable trade practices,

      vi. as well as all additional relief to which your respectful removing defendant,

        *pro se*, D.C. incorporated law practice is entitled, and

d. your cross-complainant respectful removing defendant, *pro se*, D.C. incorporated

   law practice Cross-complainant prays for an order

      i. dismissing her claim,

      ii. by permanent injunction barring any further contact by plaintiff-cross-

        defendant, and

     iii. for an accounting to resolve the liability of her Iranian co-conspirators in

        this heinous usurious extortion scheme.

## JURY PRAYER

    Your cross-complainant respectful removing defendant, *pro se*, D.C.

incorporated law practice prays for a jury trial of all issues herein.

DISTRICT OF COLUMBIA, ss:
VERIFICATION JURAT:

I hereby affirm under penalties of perjury that the foregoing is true to the best of my

information or belief.

                Respectfully submitted, *pro se*

                JOHN F. LILLARD, III D.C. Bar 197194
                LILLARD & LILLARD, P.C., D.C. Corp.

Corporate Address          Mailing Address
1776 K STREET, N.W. SUITE 200  8 LOUDON LANE
WASHINGTON, D.C.  20006     ANNAPOLIS, MD. 21401
(800) 227-5291            (410) 268-1900

## CERTIFICATE OF SERVICE

I hereby certify: that on this 27th day of May, 2016, a true and complete copy
of the foregoing notice of removal to federal court, with required attachment,

has been duly served by mail upon the following:

Sohrab N. Nabavi
     4374 Lady Trisha Court
     Pomfret, MD. 20675

MSL FINANCIAL by counsel
     A.Y. Gross agross@aygrosslaw.com
     25 Hooks Lane, Suite 214
     Baltimore, MD 21208

Roger A Abizeid, Esquire
     2019  R  St.
     Washington, DC 20009
     (202) 328-0504

Respectfully submitted, *pro se*

JOHN F. LILLARD, III D.C. Bar 197194

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

SOHRAB N. NABAVI

*v.*                                        Civil. Action No

LILLARD & LILLARD, P.C.
District of Columbia Corp.
By John F. Lillard, III

*v.*

SOHRAB N. NABAVI

*and*

JOHN DOE, Iranian financier

# Exhibit "A"

*Sohrab Navabi dba Maryland Settlement Loans v. John Lillard,* as case number 040200009872016

**DISTRICT COURT OF MARYLAND FOR**
LOCATED AT (COURT ADDRESS)
H Washington Ave. POB 3070
La Plata, MD 20646

CASE NO.

CV

**COMPLAINT APPLICATION AND AFFIDAVIT
IN SUPPORT OF JUDGMENT**
☑ $5,000 or under  ☐ over $5,000  ☐ over $10,000

Clerk: Please docket this case in an action of ☑ contract ☐ tort
☐ replevin  ☐ detinue  ☐ bad faith insurance claim
The particulars of this case are:

**PARTIES**
Plaintiff
Sohrab Nabavi Dba
maryland Settlement Loan
4374 Lady Trisha ct
omfret MD 20675

VS.

Defendant(s)
John Lillard
8 Louden Lane
Annapolis, MD 21401

Serve by:
☑ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

Mr Lillard did not honor
our lien
Interpleder Case was
dismissed and Mr Lillard
Will not cash Courts Check
and Release our funds
to us for the Past 2 years
We have Spent over
2,000 in attorny Cost

(See Continuation Sheet)
The Plaintiff claims $ 5,000.00, plus interest of $_____,
Interest at the ☐ legal rate ☐ contractual rate calculated at _____ %,
from _____ to _____ (_____ days x $_____
per day) and attorney's fees of $_____ plus court costs.
☐ Return of the property and damages of $_____
   for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
   $_____ for its detention in action of detinue.
☐ Other:_____
   and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Sohrab Nabavi
Address: 4374 Lady Trisha ct Pomfret md 20675
Telephone Number: 301-643-9492
Fax: 301-659-4600
E-mail: MSL Team @ yahoo.com

**ATTORNEYS**
For Plaintiff: Name, Address, Telephone Number & Code

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s)_____ Name _____ is/are in the military service.
☑ Defendant is in the military service. The facts supporting this statement are: Mr Lillard is in
   it's officer Working
   Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

3-8-16
Date                                                    Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed. ☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet ☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_____
Date                                                    Signature of Affiant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

SOHRAB N. NABAVI

*v.*                                        Civil. Action No

LILLARD & LILLARD, P.C.
   District of Columbia Corp.
   By John F. Lillard, III

         *v.*

SOHRAB N. NABAVI

         *and*

JOHN DOE, Iranian financier

# Exhibit "B"
## State Court summons



**DISTRICT COURT OF MARYLAND   for Charles County**
Located at Court House, P.O. Box 3070, LaPlata, Maryland 20646

# WRIT OF SUMMONS

Defendant : **LILLARD, JOHN**
Serve On  : LILLARD, JOHN
Address   : 8 LOUDON LANE
            ANNAPOLIS, MD 21401

Date Filed   : Apr 6, 2016
Issue Date   : Apr 19, 2016
Case Number : 040200008762016
Complaint No. : 001

| | |
|---|---|
| **Trial Date** | **: Jun 20, 2016** |
| **Trial Time** | **: 01:00 pm** |
| **Trial Room** | **: 03** |

You are summoned to appear for trial at the date, time and location shown above. If you intend to be present at the trial, you must file the attached Notice of Intention to Defend within fifteen days of receiving this complaint. Failure to file the Notice of Intention to Defend may result in a judgment by default or the granting of the relief sought.

## MUST BE SERVED BY May 19, 2016    Patrick H Loveless, Administrative Clerk / RLJ

To Sheriff / Constable :
You are hereby commanded to serve this writ of summons and to make your return promptly if served. If you are unable to serve, you are to make your return below and return the original process to the court no later than ten days following the termination of the validity of the process.

I certify that:
[ ] I served a summons by delivery of the complaint and all supporting papers to _____
on date ___ / ___ / 20 _____ at location _____
The person I left the papers with acknowledged being: (1) A resident of above listed address; (2)18 years of age or older; (3) of suitable discretion in that relationship to the defendant is _____
and that; (4) the above listed address is the defendant's residence or usual place of abode. The facts upon which I concluded that individual served is of suitable age discretion are: _____

Description of the Defendant / Person Served : Race _____ Sex _____ Height _____ Weight _____ Age _____
[ ] I was unable to serve because _____
Attempt: _____ Attempt: _____ Attempt: _____ Attempt: _____
RETURN TO SOHRAB NABAVI
     DBA MARYLAND SETTLEMENT LOANS 4374 LADY TRISHA CT, POMFRET, MD 20675

Date : ___ / ___ / 20 _____    Signature : _____

CUT HERE --- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - CUT HERE

# NOTICE OF INTENTION TO DEFEND

Defendant : LILLARD, JOHN                Case # 040200008762016
Trial Date : Jun 20, 2016                Complaint # 001

Notice : If you **contest the claim** or any part thereof, you must complete this Notice of Intention to Defend and file with the court listed at the top of this summons no later than 15 days after you receive this Summons and be present in court on the trial date. If you do not appear judgment by default or the relief sought may be granted.

A **corporation** may enter an appearance only by an attorney except that an officer of the corporation may appear on its behalf if the action is based on a claim that does not exceed $5,000.00.
Any reasonable accommodation for persons with disabilities should be requested by contacting the court prior to trial.

Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.

## SEE ATTACHED NOTICE FOR IMPORTANT INFORMATION

I intend to be present at the trial of this claim and demand proof of the Plaintiff's claim.

Explanation of defense : _____

____ / ____ / 20 ____    _____    ( ____ ) _____    ( ____ ) _____
Date                     Signature              Work Phone                   Home Phone

_____
Address/City/State/Zip code

_____    _____
Fax number        e-Mail Address

[ ] Check this box if this is a new address.

Case Num. 040200008762016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

SOHRAB N. NABAVI

*v.*                                           Civil. Action No

LILLARD & LILLARD, P.C.
District of Columbia Corp.
By John F. Lillard, III

*v.*

SOHRAB N. NABAVI

*and*

JOHN DOE, Iranian financier

# Exhibit "C."

# Copies of the notice and the certificate of service of the notice to Plaintiff's attorneys.

IN THE DISTRICT COURT OF THE STATE OF MARYLAND
FOR CHARLES COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SOHRAB N. NABAVI
    4374 Lady Trisha Court
    Pomfret, MD. 20675

    *Plaintiff Cross-Defendant,*

        *v.*

LILLARD & LILLARD, P.C.
    District of Columbia Corp.
    By John F. Lillard, III

    1776 K STREET, N.W. SUITE 200
    WASHINGTON, D.C. 20006

    *Defendant Cross-Claimant.*

        *v.*

SOHRAB N. NABAVI
    4374 Lady Trisha Court
    Pomfret, MD. 20675

    *Cross-Defendant,*

        *and*

JOHN DOE, Iranian financier
    Address unknown

    *Cross-Defendant,*

    ■■■■■■■■■■■■■■■■■■■■■■■■■

Civil Case No 040200009872016
**NOTICE TO ADVERSE PARTY OF REMOVAL
OF ACTION TO FEDERAL COURT UNDER 28
U.S.C. §1441 (a) FEDERAL QUESTION**

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

TO THE CLERK OF THIS COURT:

Comes now the Defendant, LILLARD & LILLARD District of Columbia

Corp By John F. Lillard, III, *pro se*, and in direct support of his Notice to this

Court and to all parties, hereby alleges, states, and provides the following:

1.      By the filing of this Notice with the Clerk of this state Court, together with the attached and corresponding petition and warrant for removal that was filed in the United States District Court prior, these state proceedings are now REMOVED, by automatic operation of federal law, and this Defendant now formally notifies the Court and all parties of that same fact.

2.      Pursuant to the express and specific language of 28 U.S.C. 1441, et seq., immediately upon the filing of this Notice, with the Clerk of this Court, this case has been already removed. The removal of jurisdiction from this Court is automatic by operation of federal law, and does not require any additional written order from the District Judge to cause this removal to become "effective" – the removal is an automatic judicial event, and immediate by operation of law.

3.      Put another way, the United States Supreme Court clarified and established, clear back in 1966: "The petition is now filed in the first instance in the federal court. After notice is given to 2 all adverse parties and a copy of the petition is filed with the state court, removal is effected and state court proceedings cease unless the case is remanded. 28 U. S. C. § 1446 (1964 ed.)." See generally, *Georgia v. Rachel,* 384 U.S. 780, 809 n27 (1966).

4.      Because this cause is now removed, the instant Court is without jurisdiction to effect any judgment in these proceedings (28 U.S.C. § 1446(c)(3)).

5.      The petition for warrant of removal to the United States District Court is attached hereto as required by the express language of federal law.

WHEREFORE, the undersigned Defendant, LILLARD & LILLARD

District of Columbia Corp By John F. Lillard, III, *pro se*, notifies the Court and

all other parties that this cause is now removed, that this court now has

absolutely no jurisdiction for any judgment in this cause, bar none, unless and

until the United States District Court may or may not remand, and further

moves for all other relief that is just and proper in the premises.

Respectfully submitted, *pro se*

JOHN F. LILLARD, III D.C. Bar 197194
LILLARD & LILLARD, P.C., D.C. Corp.

| Corporate Address | Mailing Address |
|---|---|
| 1776 K STREET, N.W. SUITE 200 | 8 LOUDON LANE |
| WASHINGTON, D.C.  20006 | ANNAPOLIS, MD. 21401 |
| (800) 227-5291 | (410) 268-1900 |

## CERTIFICATE OF SERVICE

I hereby certify: that on this 27th day of May, 2016, a true and complete copy
of the foregoing notice of removal to federal court, with required attachment,
has been duly served by mail upon the following:

Sohrab N. Nabavi
    4374 Lady Trisha Court
    Pomfret, MD. 20675

MSL FINANCIAL by counsel
    A.Y. Gross agross@aygrosslaw.com
    25 Hooks Lane, Suite 214
    Baltimore, MD 21208

Roger A Abizeid, Esquire
    2019  R  St.
    Washington, DC 20009
    (202) 328-0504

Respectfully submitted *pro se*

JOHN F. LILLARD, III D.C. Bar 197194